# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40120
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO GONZALEZ-ZAVALA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-710-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mario Gonzalez-Zavala pled guilty to importing into the United States 500 grams or more of methamphetamine and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), (b)(1). He was sentenced to 175 months in prison and three years of supervised release. Gonzalez-Zavala now asserts that the factual basis for his guilty plea was inadequate because the Government failed to meet its obligation to prove that he had knowledge of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the particular types and quantities of controlled substances involved in his offense.

As Gonzalez-Zavala concedes, his argument is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308–09 (5th Cir. 2009), which held that *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), did not overturn *United States v. Gamez-Gonzalez*, 319 F.3d 695 (5th Cir. 2003), and that the Government is not required to prove knowledge of the drug type and quantity as an element of a 21 U.S.C. § 841 drug trafficking offense. Likewise, knowledge of drug type and quantity is not an element that must be proven for an offense under two related drug importation statutes, §§ 952(a) and 960(a). *United States v. Restrepo-Granda*, 575 F.2d 524, 527 (5th Cir. 1978); *see United States v. Valencia-Gonzales*, 172 F.3d 344, 345–46 (5th Cir. 1999). Thus, the Government was not required to prove that Gonzalez-Zavala knew the drug types and quantities involved in his drug importation offense. *See United States v. Zuniga-Martinez*, 512 F. App'x 428, 428–29 (5th Cir. 2013) (rejecting a similar challenge to a conviction for importing a controlled substance as foreclosed by *Betancourt*, *Restrepo-Granda*, and *Valencia-Gonzales*).

Accordingly, Gonzalez-Zavala's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.